■ N. JOSEPH LEIGH et al., Cotenants Doing Business as LYNDHURST SHOPPING CENTER, Appellants, v. CITY OF NEW YORK et al., Respondents.— Order, Supreme Court, New York County, entered June 14, 1972, insofar as it denied plaintiffs' cross motion for summary judgment, unanimously reversed, on the law, without costs and the cross motion of the plaintiffs for summary judgment is granted. On August 30, 1971 the plaintiffs addressed a letter to the defendant in the nature of a request for a first mortgage loan. The letter, which was accompanied by a check in the amount of $15,000 as evidence of plaintiffs' "good faith", contained a statement that it was to be returned if "for any reason whatever, your loan commitment is not issued in 30 days". The space for acceptance by the defendant was never signed. The defendant took the position that the August 30, 1971 letter was unacceptable. The plaintiffs were so notified that the $15,000 would be returned if plaintiffs insisted on the 30-day limitation. Furthermore, the defendant required that plaintiffs sign the "customary good faith deposit letter" which omitted the 30-day limitation. This second letter was dated September 1, 1971. When the city failed to make a mortgage commitment within the 30-day period the plaintiffs looked elsewhere and obtained a loan commitment on or about October 15, 1972. Thereafter, the plaintiffs advised the city of this fact and requested the return of the $15,000 deposit. This the city declined to do with the result that the plaintiffs commenced this action to recover the $15,000 deposit. The Sep-

tember 1 letter is not an agreement. It is merely an application to the defendant asking that a loan commitment be issued. In legal contemplation it amounts to an offer by the plaintiffs to enter into a binding loan agreement which could be accepted by the defendant only upon the issuance of a loan agreement. Before acceptance of that offer the plaintiffs, on October 18, 1971, communicated the withdrawal of that offer as the plaintiffs were privileged to do. Accordingly, the plaintiffs are entitled to summary judgment. Concur — Nunez, J. P., Kupferman, Lane, Steuer and Tilzer, JJ.